### STATE *vs.* JOHN KREUGER.

1. HOMICIDE—AUTOMOBILE DRIVER KILLING PEDESTRIAN AS RESULT OF FAILING TO KEEP LOOKOUT GUILTY OF "INVOLUNTARY MANSLAUGHTER. '

An automobile driver who kills a person on a highway as a result of gross negligence in failing to keep a proper lookout is guilty of "involuntary manslaughter."

2. HOMICIDE—INDICTMENT HELD TO SUFFICIENTLY CHARGE INVOLUNTARY MANSLAUGHTER.

Indictment charging that defendant caused death of named pedestrian by running his automobile without keeping a proper lookout *held* sufficient to charge manslaughter as against objection that it did not describe the offense with sufficient particularity.

(*January* 12, 1921.)

PENNEWILL, C. J., CONRAD and HEISEL, J. J., sitting.

*Sylvester D. Townsend, Jr.,* Attorney-General, and *Aaron Finger,* Deputy Attorney-General, for State.

*Charles F. Curley* for accused.

Court of Oyer and Terminer for New Castle County, January Term, 1921.

INDICTMENT No. 27, January Term, 1921.

Opinion.

John Kreuger was indicted a second time for manslaughter for making a felonious and willful assault upon Raymond T. Hurd, causing his death. On motion to strike out the two counts contained in the indictment. Motion refused.

See, also, *supra*, *p.* 118, 111 A*tl.* 614.

The questions raised appear in the opinion of the court.

PENNEWILL, C. J., delivering the opinion of the court:

The indictment consists of two counts, which charge that the defendant, on a certain date, while operating an automobile negligently failed to keep a proper lookout for persons upon the highway, and while so negligently engaged in the operation of the automobile did strike and run into one Raymond T. Hurd, and by reason of the premises did with force and arms make an assault on said Hurd, by reason of which he was thrown to the ground and received divers wounds and bruises from which he died.

The defendant moved to strike out the two counts: (1) Because the running of an automobile without "keeping a proper lookout" is not a violation of any statute of this state; (2) it was not an offense at common law; and (3) the counts do not state or describe the offense with sufficient particularity.

[1] The real question raised by the pleading in this case is not whether the averment in question constitutes a statutory or common-law offense, but whether it would, if proved, constitute involuntary manslaughter. That is the crime for which the defendant is indicted, and the court are of the opinion that if the driver of an automobile kills a person on the highway because he was grossly negligent in not keeping a proper lookout he would be guilty. The court has charged the jury in more than one case that even though the driver of an automobile, at the time he struck and killed a person on the highway, was not violating the speed law, nevertheless, if he was guilty of gross negligence in operating his machine, and such negligence was the cause of the death, the driver would be guilty of involuntary manslaughter.

[2] As to defendant's objection that the indictment does not describe the offense with sufficient particularity, we say the es-

sential requirement is that it shall plainly and fully inform the defendant of the nature and cause of the accusation against him, and we are clear that such information is furnished by the charge that he caused the death of Hurd by running his automobile without keeping a proper lookout.

The motion to strike out the two counts is refused.

Subsequently, the accused pleaded guilty to assault.